**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 12-cv-00359-CMA-CBS

LIBERTY INSURANCE CORPORATION,
a/s/o Robert S. MacLean,

    Plaintiff,

v.

BSH HOME APPLIANCE CORPORATION,

    Defendant.

**STIPULATED PROTECTIVE ORDER**

Before the Court is Defendant BSH Home Appliances Corporation ("BSH") and Plaintiff's Liberty Insurance Corporation's ("Liberty" or "Plaintiff") Joint Motion for Entry of Protective Order. To facilitate discovery by adequately protecting materials the parties claim are confidential and proprietary and to avoid unnecessary discovery disputes, it is hereby ORDERED that the Joint Motion for Entry of Protective Order is granted.

It is further ORDERED:

1.    A party producing documents or serving written discovery responses that the producing party contends contain trade secrets or other confidential research, development, or commercial information ("Confidential Information") shall mark such documents, or a portion thereof, with the word "Confidential."

2. The designation of material as "Confidential" shall be made by placing or affixing on the first page of the material or on each page of the material, in a manner that will not interfere with the material's legibility, the word "Confidential."

3. Confidential Information shall not be used or shown, disseminated, copied, or in any way communicated, orally, in writing, or otherwise, by the parties, their counsel, or any of their representatives, agents, expert witnesses, or consultants, to anyone for any purpose whatsoever, other than as required by the parties and their counsel for the preparation and trial of this action. Access to Confidential Information shall be limited to those persons designated as "Qualified Persons" in paragraph 4 below.

4. Confidential Information may be disclosed only to the following persons (hereinafter referred to as "Qualified Persons"):

    a. the parties and their officers, directors, employees, and agents;

    b. counsel of record for the parties and employees and agents of such counsel who are assisting such counsel in the preparation or trial of this action;

    c. experts and consultants retained by the parties whose assistance is necessary for the litigation of this action; provided, however, that, before disclosing any Confidential Information to any such expert or consultant, counsel of record for the party intending to make that disclosure shall (i) obtain from the expert or consultant a written statement, in the form of Exhibit A attached hereto, signed by the expert or consultant, stating that, the person will maintain the confidentiality of the information; and (ii) no disclosure of Confidential Information

shall be made to any person who has not provided such a signed statement, which statement shall be retained by counsel of record for the party making the disclosure to the expert or consultant.

    d.    the Court and the Court's employees and staff in this case, in accordance with the procedures regarding filing under seal as described herein;

    d.    by Order of the Court; and

    e.    any person expressly named and agreed to in writing by the parties.

5. Before being given access to Confidential Information, each Qualified Person (other than counsel of record, the Court, and the officers, directors, employees, and agents of the party that produced the Confidential Information) shall be advised of the terms of this Order, shall be given a copy of this Order, and shall agree in writing, in the form attached hereto as Exhibit A, to be bound by the terms of this Order and to be subject to the jurisdiction of this Court for the purposes of any proceeding relating to the performance under, compliance with, or violation of this Order. Counsel for each party shall maintain a list of all Qualified Persons to whom they or their client have provided any Confidential Information, and that list shall be available for inspection by the Court. In addition, each of the parties and their attorneys expressly stipulates to be subject to the personal jurisdiction of this Court for purposes of any proceeding brought by a party to this action to enforce this Order.

6. Use in Depositions. Confidential Information may be used at a deposition if: (a) the counsel for the party using such material advises the witness of the terms of

this Protective Order, provides a copy to the witness, and the witness agrees on the record to maintain the confidentiality of the material; or (b) the witness executes an Agreement attached as Exhibit A to this Protective Order. If the witness refuses to agree to either be bound by the Protective Order on the record or to execute Exhibit A, then the party seeking to use such Confidential Information and the party seeking to protect the Confidential Information at that witness' deposition will jointly request that the Court enter an Order requiring the witness to comply with the terms of the Protective Order before disclosing the material to the witness.

7. If Confidential Information is used or marked as an exhibit in a deposition, or if deposition questions, testimony, or colloquy discloses Confidential Information, counsel for any party claiming confidentiality for the Confidential Information shall inform the court reporter and counsel for the other parties of the claim of confidentiality either contemporaneously on the record during the deposition or in writing within 30 days after having received a copy of the deposition transcript. In addition, any other person claiming that any information disclosed in the deposition is Confidential Information may so inform the court reporter and counsel for all parties in the same manner and within the same period. Each transcript and all testimony designated as Confidential shall be treated as Confidential Information, pursuant to the terms of this Order, except as otherwise agreed in writing by each party claiming confidentiality or as otherwise ordered by the Court.

8. Except to the extent otherwise permitted by this Order, every Qualified Person provided copies of or access to Confidential Information pursuant to this Order

shall keep all such materials and information, and any copies, notes, extracts, summaries, or descriptions of such material, within their exclusive possession and control, shall treat all such copies, notes, extracts, summaries, or descriptions of the Confidential Information or any portion thereof as Confidential, shall take all necessary and prudent measures to maintain the confidentiality of all such materials or information, and shall not disseminate such Confidential Information.

9. If any counsel of record distributes copies of material containing Confidential Information to one or more Qualified Persons, all such materials, and all copies, notes, extracts, summaries, or descriptions of such material, shall be returned to that counsel of record or destroyed at the completion of the Qualified Person's consultation or representation in this case. If a Qualified Person destroys such material, rather than returning it to that counsel of record, the Qualified Person shall promptly provide to that counsel of record an affidavit stating that all materials containing Confidential Information, and all copies, notes, extracts, summaries, or descriptions of any such material, have been destroyed. Counsel of record shall, on request by opposing counsel or the Court, execute an affidavit stating that to the best of counsel's knowledge all materials containing Confidential Information, and all copies, notes, extracts, summaries, or descriptions of any such material, have been returned or destroyed as required.

10. Nothing in this Order shall prevent a party from using at trial or hearing, or in connection with briefs or other papers filed with the Court, any Confidential Information, except that any such use shall not expand the persons to whom such

documents or information may be disclosed pursuant to this Order. Any Confidential Information, including deposition transcripts, as well as briefs and other papers containing or otherwise disclosing such information, that is filed with or otherwise submitted to the Court shall be filed under seal. The party filing the document must comply with the Court's requirements for filing documents under seal. With respect to all motions and pretrial proceedings, any party who intends to file or lodge Confidential Information or portions thereof or information therefrom in support of or in connection with such motion or proceeding shall cause them to be filed or lodged with the Court under seal, and accompanied by a Motion to Seal, by filing them in an envelope or container or electronically as permitted by the ECF Guidelines.

11. Promptly after the termination of this action by entry of a final judgment or order of dismissal, all materials containing Confidential Information shall be returned to counsel for the party who produced those materials or shall be destroyed, with the exception that counsel of record may retain one copy of each deposition transcript designated as Confidential Information, subject to the ongoing confidentiality obligations imposed herein.

12. After the termination of this action by entry of a final judgment or order of dismissal, the provisions of this Order shall continue to be binding. The terms of this Order constitute, and shall be deemed to be, an enforceable agreement between the parties (and their agents and attorneys, to the extent permitted by the applicable rules of professional conduct), and the terms of this Order may be enforced by specific performance in any court of competent jurisdiction.

13. This Order shall be binding on the parties, their attorneys, and the parties' and their attorneys' successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents, independent contractors, and other persons or organizations over whom or which the parties have control.

14. This Order does not constitute a waiver or limitation of any party's right to object to discovery on any ground, including the ground that information sought contains trade secrets or other confidential research, development, or commercial information; nor does it constitute an admission or representation by any party that any document or information designated as Confidential is in fact a trade secret or contains confidential research, development, or commercial information; nor does it constitute a waiver of any party's right to challenge the confidentiality of any redaction or designation.

15. By producing documents for review and inspection, the parties do not waive any objections to relevance for summary judgment or other purposes or to the admissibility at trial of any such document or of any information contained in any such document.

16. This Order does not constitute a waiver or limitation of any party's right to withhold or redact information protected from disclosure by the attorney-client privilege or other applicable privilege, the work-product doctrine, or any other protection, law, or regulation, or to seek appropriate protective orders respecting documents asserted to be subject to any such privilege, doctrine, protection, law, or regulation.

17. The entry of this Order shall be without prejudice to the rights of the parties, or any one of them, or of any non-party, to assert or apply for additional or different protection.

18. Nothing in this Order shall limit any party's right to disclose to any person, or use for any purpose, its own information and documents.

19. If a party inadvertently produces Confidential Information without the required "Confidential" legend, the producing party shall, within ten (10) days of discovering the inadvertent omission, inform the receiving party in writing of the inadvertent omission and the specific material at issue. On receipt of such notice, the receiving party shall treat the material identified in the notice as Confidential until (a) the parties agree to non-confidential treatment of the subject material, or (b) the Court, on motion of either party made within ten (10) days of the date of the written notice regarding inadvertent omission, issues an order addressing the appropriate treatment of the subject material. A party shall not be deemed to have waived any right to designate material as "Confidential" by allowing inspection of such material prior to a designation of such material as "Confidential" or by inadvertently failing to mark a document as "Confidential" prior to its disclosure.

20. The parties agree that the inadvertent production of any documents that would be protected from disclosure pursuant to the attorney-client privilege, the work product doctrine, or any other relevant privilege or doctrine shall not constitute a waiver of the applicable privilege or doctrine. If any such document is inadvertently produced, the recipient of the document agrees that, on request from the producing party, it will

promptly return the document, destroy all copies (including copies on any electronic database), and make no use or further disclosure of the information contained in the document.

21. If a party contends that any document has been erroneously or improperly designated Confidential, it shall nevertheless treat the document as Confidential until either (a) that party obtains from the designating party written permission to do otherwise, or (b) this Court enters an order stating that the document shall not be treated as Confidential Information.

22. A party may challenge the designation of a document or other material as Confidential only as follows:

   a. If a party believes that material designated by another as Confidential has not been properly so designated or should be reclassified or revealed to an individual not otherwise authorized to have access to that material under this Order, that party (the "challenging party") shall provide to the designating party written notice of that disagreement, stating the reason(s) for the challenge. The written notice shall identify the information to which the objection is made and shall specify the basis for the objection. All objections must be made in good faith. The designating party shall then have 10 days from receipt of the written objection to respond to the challenging party and to arrange for a meet and confer (the "Meet and Confer Period"). The challenging and designating parties shall first try to dispose of such challenge in good faith on an informal basis.

b. If neither the designation nor the objection is withdrawn during the Meet and Confer Period, a party may file a motion to resolve the dispute. The designating party bears the burden of establishing that the material is entitled to protection as Confidential Information. Pending any Court ruling, the provisions of this Protective Order shall apply and disclosure and use of the challenged documents or information shall not be made except as provided under this Protective Order.

23. This Protective Order may be altered or amended by the Court on request by either Party only with a showing of good cause.

DATED at Denver, Colorado, this 29th day of March 2012.

BY THE COURT:

*s/Craig B. Shaffer*
Craig B. Shaffer
United States Magistrate Judge

Approved and agreed to:

Dated: March 27, 2012

| | |
|---|---|
| s/ *Tod E. Fitzke* | s/ *Joel S. Neckers* |
| Tod E. Fitzke, Esq. | Joel S. Neckers |
| 2260 S. Xanadu Way, Suite 290 | Katherine C. Yarger |
| Aurora, Colorado 80014-6511 | Wheeler Trigg O'Donnell LLP |
| Telephone: (303) 333-8840 | 1801 California Street, Suite 3600 |
| Facsimile: (855) 333-8840 | Denver, Colorado 80202 |
| Email: fitzkelaw@gmail.com | Telephone: (303) 244-1800 |
| | Facsimile: (303) 244-1879 |
| *Attorneys for Plaintiff,* | Email: neckers@wtotrial.com |
| *Liberty Insurance Corporation* | yarger@wtotrial.com |
| *a/s/o Robert S. MacLean* | |
| | *Attorneys for Defendant,* |
| | *BSH Homes Appliances Corporation* |

11

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 12-cv-00359-CMA-CBS

LIBERTY INSURANCE CORPORATION,
a/s/o Robert S. MacLean,

      Plaintiff,

v.

BSH HOME APPLIANCE CORPORATION,

      Defendant.

---

**EXHIBIT A: AGREEMENT TO BE BOUND BY PROTECTIVE ORDER**

---

I, _____, declare and agree as follows:

    1.    My address is
_____
_____

    2.    My present employer is _____
_____

    3.    My present occupation or job description is _____
_____

    4.    I acknowledge that I may receive information or material, or both, designated as "Confidential" in accordance with the Protective Order ("Order") regarding treatment of Confidential Information entered by the Court in the lawsuit identified in the above caption.

    5.    I have received a copy of that Order and have read it. I am familiar with its terms and conditions. I agree to comply with and to be bound by each of the terms and conditions of that Order. In particular, I agree to hold in confidence, in accordance with the requirements of the Order, any information and material disclosed to me pursuant to that Order.

      6.      I understand that the Order has been issued by a court of competent jurisdiction and is enforceable by the power of contempt. I understand fully that my breach of the Order, or any of its terms, may result in sanctions by the Court, contempt proceedings, or other proceedings to enforce the terms of the Order.

      7.      I agree (a) to notify all stenographic, clerical, or other personnel who are required to assist me in my assigned duties of the terms of the Order, (b) to provide them with a copy of this declaration for their signature, and (c) to obtain and keep the copy of this declaration after it has been properly signed.

      8.      I agree that I will not show, disseminate, or in any way communicate, orally, in writing, or otherwise, to anyone, or use or copy, for any purpose whatsoever, other than as required for the preparation and trial of this action, any Confidential Information provided to me in connection with this litigation, and I will not reveal any Confidential Information to any person who is not a "Qualified Person" as defined in paragraph 5 of the Order.

      I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and represents my understanding of my agreement to be bound to the terms of the Protective Order.

      Executed this \_\_\_\_ day of _____, _____, at _____.

Signed:_____